UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FORD MOTOR CREDIT COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GREAT ATLANTIC INTERNATIONAL, )<br>INC. and CAR CENTER USA, INC., )<br>)<br>Defendants. )<br>) | C. A. No. 03-12556 WGY |

**DEFENDANTS' EMERGENCY MOTION FOR CONTINUANCE OF THE TRIAL DATE, OR ALTERNATIVELY, DEFENDANTS' OBJECTION TO CONSOLIDATION UNDER FED. R. CIV. P. 65**

Now comes the defendants, Great Atlantic International, Inc. and Car Center USA, Inc. (collectively "Great Atlantic") in the above titled matter and (1) move that the trial date of January 12, 2004 be continued for at least six months, or alternatively, if this Court does not continue the trial for six months, (2) object to the consolidation of a preliminary injunction hearing with a full trial on the merits. Imposition of a trial date *only two weeks after being served with the complaint and on four days notice (notably over a weekend)*[1] is highly unfair and prejudicial to Great Atlantic's right to put forth a zealous defense and violates Great Atlantic's due process rights by giving virtually no time to assess the merits of the case, conduct discovery, file counterclaims, or prepare for trial. If a trial on the merits were to proceed at this point and Great Atlantic did not prevail, Great Atlantic will be forced to cease operations, putting at least forty employees out of work as well as causing other

---

[1] If defendants had not exercised their right to a jury trial this Court would have expected the defendants and there counsel to be ready for trial the next day on Friday, January 9, 2004 without the benefit of any discovery or time for preparing its case.

harm to defendants. *See* Affidavit of Paul Marshall Harris ("Harris Aff.") submitted herewith, at ¶ 20.

Given these stakes, it is imperative that Great Atlantic be afforded the same due process rights as any other litigant, including sufficient time to assess and prepare the merits of the case. Moreover, while Fed. R. Civ. P. 65(a) does allow a motion for a preliminary injunction to be consolidated into a trial on the merits, the intent of the rule is not to do so at the expense of violating the parties' basic due process rights. Great Atlantic does not object to the consolidation of the preliminary injunction with a trial on the merits if it is afforded sufficient time (at least six months) to conduct expedited discovery, file counterclaims and prepare for trial. Absent this additional time, Great Atlantic objects to the consolidation of the preliminary injunction hearing with a trial on the merits.

I. **TRYING THIS CASE ON THE MERITS, WITH FOUR DAYS NOTICE AND BEFORE AN ANSWER IS EVEN DUE, IS HIGHLY UNFAIR AND PREJUDICIAL BECAUSE THE DEFENDANTS HAVE NOT HAD AN OPPORTUNITY TO CONDUCT DISCOVERY OR PREPARE FOR A FULL TRIAL ON THE MERITS**

    A. <u>**It is Unfair and Prejudicial to Require Great Atlantic to Prepare this Case on Four Days Notice.**</u>

The complaint in this case was served on the Defendants on December 29, 2003[2]. On January 8, 2004, counsel for Great Atlantic was notified by plaintiff's counsel to appear at Court at 2 p.m. that day.[3] *See* Harris Aff. at ¶ 5. It was at this Court appearance on January 8, 2004 that the parties were informed that a full trial on the merits would proceed on Monday, January 12, 2004.

---

[2] Defendants' counsel did not receive the complaint until January 5, 2004 due to the holidays.
[3] Great Atlantic, and not counsel, was served with the Motion for a Preliminary Injunction, and as such, counsel only learned of the Preliminary Injunction by viewing the docket online hours before having to appear in court.

An answer to the complaint, however, is not even due until January 20, 2004. Given this time frame, Great Atlantic has not been given an opportunity to file an answer or counterclaims, explore its defenses, or conduct any meaningful discovery (other than conducting a half day deposition on January 9, 2004, which was done solely as a result of the Court ordering that trial begin in four days). As stated above, Great Atlantic does not object to the consolidation of the preliminary injunction with a trial on the merits if it is given at least six months to prepare its case. However, four days to prepare for a full trial on the merits is patently unfair and a wholly insufficient amount of time to conduct discovery, file counterclaims, and prepare for trial. While Fed. R. Civ. P. 65(a) allows for such consolidation, the effect of the consolidation cannot be to deprive a party of a full opportunity to present its case. *See* 11A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2950, p. 237 (1995); *see also Paris v. United States Dept. of Housing and Urban Development*, 713 F.2d 1341, 1346 (7th Cir. 1983) (court found consolidation without sufficient notice to prepare case prejudicial and inappropriate) *citing Eli Lilly and Co., Inc. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1106-1107 (5th Cir. 1972); *K-Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907, 913 (1st Cir. 1989) (acknowledging that a continuance to allow for further discovery or more intensive preparation would have been an appropriate request when trial court consolidated preliminary injunction with the merits). Under these circumstances, a continuance of six months should be granted.

  **B.**  **After a Half Day Deposition, it Is Clear that Further Discovery Must Be Conducted by Great Atlantic in Order to Evaluate the Plaintiff's Claim, Assess the Merits of the Case, and File Counterclaims.**

The limited discovery (a half day deposition) that has taken place indicates that the plaintiff's claims in its complaint are not as simple as they are made to appear, and in fact, are not justified. *See* Harris Aff. at ¶¶ 8-12, 18. Moreover, this same discovery supports

3

various defenses for Great Atlantic, as well as possible counterclaims. *See* Harris Aff. at ¶¶ 8-12. For example, during the deposition of John Carolan on January 9, 2004, it became apparent that the plaintiff is basing its decision to terminate its business relationship with Great Atlantic on technical defaults. At the deposition, however, Mr. Carolan admitted that (1) Great Atlantic is not currently in default in any capacity with the plaintiff; (2) out of over 1000 electronic fund transfers ("EFTs") received by the plaintiff from Great Atlantic, only fifteen were returned for insufficient funds over the last two years, and that out of those fifteen returned EFTs, (i) Great Atlantic's bank claimed that it had made some errors that resulted in insufficient funds; and (ii) all EFTs returned for insufficient funds were made good within 48 hours. *See* Deposition Transcript of John Carolan ("Carolan Tr.") at pp. 93-99, attached to Harris Aff.

Additionally, Mr. Carolan admitted that despite being requested to bring all relevant documents to the deposition, he only brought a small fraction of the relevant documents and that he possessed a voluminous amount of documents that were relevant to the plaintiff's claims of technical default. *See* Carolan Tr. at pp. 166-170. For example, the plaintiff's are basing their claim for termination, in part, on insufficient financial statements submitted by Great Atlantic, yet Mr. Carolan, in the short time he had to gather documents, did not bring with him any of the financial statements, even though Great Atlantic filed these statements with the plaintiff virtually every month. *See* Carolan Tr. at pp. 88, 166-168. Nor, in the short time, did he bring with him the audits that his company conducted of Great Atlantic every week for the past two years, despite the plaintiff's claim that unsatisfactory audits contributed to its decision to terminate. *See* Carolan Tr. at pp. 88, 166-168. Since the basis for termination is these technical defaults, Great Atlantic is entitled to review these

documents and test the plaintiff's assertions. Further, Mr. Carolan testified that the decision to terminate Great Atlantic was not his alone, but rather was made in conjunction with other employees of the plaintiff. *See* Carolan Tr. at p. 74.

These examples highlight the fact that there are issues in this case that need to be explored further, such as whether the plaintiff has a justifiable basis to terminate Great Atlantic, and whether the plaintiff has complied with its obligations under the parties' financing agreement. *See* Harris Aff. at ¶¶ 8-12, 18. Moreover, there are additional documents that need to be reviewed, witnesses that need to be deposed and interviewed, and defenses and counterclaims that need to be asserted, all of which cannot possibly be accomplished in the four days, notably over a weekend, that counsel was given to prepare before trial. Great Atlantic must be afforded the opportunity to explore and contest the plaintiff's claims, as well as evaluate its defenses and possible counterclaims. *See Commodity Futures Trading Comm'n v. Board of Trade of the City of Chicago*, 657 F. 2d 124 (7th Cir. 1981) (consolidation should not have deprived the parties of a full opportunity to discover and present all of their evidence).

### C. The Plaintiff is not in Jeopardy Suffering any Irreparable Harm Because it Concedes that Great Atlantic is Current on all Obligations and that the Plaintiff Possesses a Security Interest in Great Atlantic's Assets.

As Mr. Carolan noted in his deposition, the parties have been continuing their relationship despite the plaintiff's desire to terminate Great Atlantic for more than a year. *See* Carolan Tr. at p. 120. Additionally, Great Atlantic is not currently in default, nor has it ever been in default for more than 48 hours (and, even then, the percentage of defaulting payments was approximately one and one-half (1.5%) percent). *See* Carolan Tr. at pp. 93-99. Finally, the plaintiff possesses more than sufficient collateral to safeguard from any future defaults (which Great Atlantic states will not occur) since it has a security interest not

only in the vehicles that it is seeking to repossess, *but in all of Great Atlantic's assets*, including its real estate, which has substantial equity. *See* Carolan Tr. at p.158. Under these circumstances, the plaintiff is not in any jeopardy of suffering irreparable harm if the preliminary injunction is consolidated with a trial and is and heard six months from now.

    **D.**    **A Continuance is Fair and Reasonable Under the Circumstances and Allows both Parties Sufficient Time to Prepare for Trial.**

A continuance of the trial date for six months will ensure (1) that this case is heard expeditiously, (2) that the parties are given adequate time to conduct discovery and formulate the legal and factual issues for trial, and (3) that neither party is unfairly prejudiced by not being able to conduct a full and fair examination of the issues before trial. To go forward without having virtually any time to prepare the case is untenable, unfairly prejudicial, and puts Great Atlantic in the position of having to try this case with both hand effectively tied behind its back.[4] Since what is at stake here is Great Atlantic's ability to continue conducting business, it is fair and reasonable to allow them sufficient time to prepare their case and put forth a zealous defense. As such, a continuance is necessary. *See United States of America v. Orlando-Figueroa*, 229 F.3d 33, 40 (1st Cir. 2000) (factors to be considered in evaluating a motion for continuance include the time necessary and available for preparation, defendant's diligence, inconvenience to the parties and the court, utility of the continuance and any unfair prejudice to the parties caused by the denial); *see also Ahern v. Scholz*, 85 F.3d 774, 792 (1st Cir. 1996) *citing Lowe v. City of East Chicago*, 897 F.2d 272, 274-75 (7th Cir. 1990) (abuse of discretion to deny motion for continuance when plaintiff had to choose between voluntary dismissal and going to trial even though his attorney was not ready for trial); *United States v. Flynt*, 756 F.2d 1352, 1358-59 (9th Cir.)

---

[4] Moreover, requiring counsel to prepare a case in four days could open counsel up to a malpractice claim for failure to adequately represent its clients. *See* Harris Aff. at ¶ 18.

(district court abused its discretion in denying motion for continuance when doing so effectively foreclosed defendant from presenting a defense), *amended*, 764 F.2d 675 (9th Cir. 1985).

Additionally, as counsel noted during its appearance on January 8, 2004, lead counsel for Great Atlantic is currently scheduled to go to trial in the business litigation session in Suffolk Superior Court on February 9, 2004 in the case of *Minuteman Trucks, Inc. v. NH 80 Corporation and Sterling Truck Corporation*, C.A. No. 02-3481-BLS. *See* Harris Aff. at ¶ 13. This trial date has already been rescheduled from December 15, 2004, and both parties to the *Minuteman* case are scheduled to go forward in February. Moreover, the *Minuteman* case is expected to last one month and involves novel issues of law that are being followed nationally. Placing this trial between now and the *Minuteman* trial date, whether on Monday, January 12, 2004 or Monday, January 26, 2004, would highly prejudice counsel's ability to adequately prepare for both its previously scheduled trial on *Minuteman* as well as this trial. *See* Harris Aff. at ¶¶ 16-21.

## II.    CONCLUSION

Fed. R. Civ. P. 65(a) does not, and should not, impair or deprive a party from its right to have a full and fair opportunity to assess and present its case on the merits. In this case, consolidation of the preliminary injunction with a trial on the merits, within days of the complaint being served, wreaks injustice by requiring the Defendants to forego discovery, defenses, and possible counterclaims. It is respectfully submitted that the purpose of the Rule 65(a) is the exact opposite- to ensure that the defendant is not deprived of any substantial rights without being afforded true due process.

WHEREFORE, the Defendants respectfully request that this Court continue the current trial date of January 12, 2004 for a new trial date after July 9, 2004, or alternatively, if this continuance is not granted, object to the consolidating of the preliminary injunction with a trial on the merits.

        Respectfully submitted,
        GREAT ATLANTIC INTERNATIONAL, INC.
        and CAR CENTER USA, INC.,
        Defendants

        By its Counsel,
        GADSBY HANNAH LLP

        */s/ Kristin M. Cataldo*
        Paul Marshall Harris, BBO# 223500
        Kristin M. Cataldo, BBO #654033
        225 Franklin Street
        Boston, MA  02110
        (617) 345-7000

Dated: January 12, 2004

## LOCAL RULE 7.1 CERTIFICATION

I, Kristin M. Cataldo, hereby certify that I have conferred with opposing counsel concerning the issues raised by this Motion, but have been unable to resolve or narrow them simply because of the time constraints and the inability of plaintiff's counsel to reach his client.

_____
Kristin M. Cataldo

## CERTIFICATE OF SERVICE

I, Kristin M. Cataldo, hereby certify that I have served the foregoing Defendants Emergency Motion for Continuance of The Trial Date, or Alternatively, Defendants' Objection to Consolidation Under Fed. R. Civ. P. 65 on the counsel of record below via hand:

Michael E. Hager, Esq.
Dane & Howe, LLP
45 School Street
Boston, MA 02108

_____
Kristin M. Cataldo

January 12, 2004

B0345704v1